## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SOLOMON CURINTON,**

> **Plaintiff,**

**v.**                                        **CASE NO.:**

**INDICAR OF DAYTONA, INC.**
**d/b/a DAYTONA KIA,**

> **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Solomon Curinton, by and through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, Indicar of Daytona, Inc. d/b/a Daytona Kia, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e *et seq*.

3.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Volusia County, Florida.

## PARTIES

4.    Plaintiff is a resident of Volusia County, Florida.

5.    Defendant operates the car dealership where Plaintiff was employed, in Daytona (Volusia County), Florida.

## GENERAL ALLEGATIONS

6.    Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.    Plaintiff requests a jury trial for all issues so triable.

8.    Plaintiff has satisfied all conditions precedent, or they have been waived.

9.    Plaintiff is a member of a protected class of persons under Section 1981.

10.    Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

11.    Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

12.    At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

13.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

14.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

## FACTS

15.     Plaintiff is a black African American male.

16.     Plaintiff was hired by Defendant. At the time of termination, Plaintiff held the position of Finance Business Manager.

17.     Plaintiff was discriminated against by Defendant's Head of Accounting.

18.     Defendant's Head of Accounting is a white female.

19.     During Plaintiff's employment, Defendant had no other African Americans in management. Plaintiff was the only African American in management.

20.     The Head of Accounting would call Plaintiff a "Ni**er", if he disagreed. Ni**er is an ethnic slur used against black and African American people.

21.     The Head of Accounting would not allow Plaintiff to come into her office because he was black. This was joked about among co-workers.

22.     The Head of Accounting, who Plaintiff relied on to perform his job, treated Plaintiff differently than other white managers.

23.     If Plaintiff needed the Head of Accounting to do anything, she would refuse to do it.

24.     The Head of Accounting is also Defendant's Human Resources; therefore, Plaintiff was unable to report the racist treatment to Human Resources.

25.     Plaintiff complained to his direct supervisor about the racist treatment by the Head of Accounting and was told that the Head of Accounting would be transitioned out of that position, however Defendant failed to do so.

26.     After Plaintiff complained to Defendant about the discrimination that he was suffering at work, Defendant took no remedial action.

27.     Plaintiff had to quarantine from January 26, 2021, to February 7, 2021, due to being diagnosed with COVID-19.

28.     Once Plaintiff returned to work, he was terminated.

29.     On or about February 8, 2021, Defendant terminated Plaintiff's employment because of Plaintiff's race and as retaliation for Plaintiff complaining about the racist treatment he was receiving.

30.     Defendant is alleging that the termination was based on Plaintiff's poor job performance and Plaintiff's paperwork deficiencies.  However, this is patently false.

31.     Defendant never counseled Plaintiff for any job performance deficiencies.

32.     Defendant never counseled Plaintiff for any paperwork deficiencies. Plaintiff, and some of his co-workers foresaw this being an allegation of Defendant, therefore Plaintiff would intentionally allow his white co-works to sign off on his

paperwork in order to get it approved by the Head of Accounting, as Plaintiff's paperwork was held to a different standard that his white co-workers.

33.     Defendant discriminated against Plaintiff due to his race, failed to take remedial action when Plaintiff complained about the discrimination, and retaliated against him after he engaged in protected activity.

## COUNT I –42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

34.     Plaintiff realleges and readopts the allegations of Paragraphs 1-5, 6-14, and 15-33 of this Complaint, as though fully set forth herein.

35.     Plaintiff is a member of a protected class of persons under Section 1981.

36.     Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

37.     The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

38.     Defendant's actions were willful and done with malice.

39.     As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

40.     Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d)     Compensatory damages, including emotional distress, allowable at law;

(e)     Punitive damages;

(f)     Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

41.     Plaintiff realleges and readopts the allegations of Paragraphs 1-5, 6-14, and 15-33 of this Complaint, as though fully set forth herein.

42.    Plaintiff is a member of a protected class of persons under Section 1981.

43.    By filing a complaint with Defendant about the racist treatment he received, Plaintiff engaged in protected activity under Section 1981.

44.    Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating his employment.

45.    Defendant's actions were willful and done with malice.

46.    Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

47.    As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

48.    Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and

remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d)     Compensatory damages, including emotional distress, allowable at law;

(e)     Punitive damages;

(f)     Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## <u>COUNT III – TITLE VII VIOLATION</u>
### (DISCRIMINATION)

49.     Plaintiff realleges and readopts the allegations of paragraphs 1-5 and 15-33 of this Complaint, as though fully set forth herein.

50.     Plaintiff is a member of a protected class under Title VII.

51.     Plaintiff was subjected to disparate treatment on the basis of his race, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against him by terminating him after he engaged in protected activity

52.     Defendant's actions were willful and done with malice.

8

53.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    An injunction restraining continued violation of Title VII by Defendant;

d)    Compensation for lost wages, benefits, and other remuneration;

e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)    Any other compensatory damages, including emotional distress, allowable at law;

g)    Punitive damages;

h)    Prejudgment interest on all monetary recovery obtained.

i)    All costs and attorney's fees incurred in prosecuting these claims; and

j)    For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII RETALIATION

54.     Plaintiff realleges and readopts the allegations of paragraphs 1-5 and 15-33 of this Complaint, as though fully set forth herein.

9

55.   Plaintiff is a member of a protected class under Title VII.

56.   Plaintiff exercised or attempted to exercise his rights under Title VII by reporting the racial harassment to his supervisor, thereby engaging in protected activity under Title VII.

57.   Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against him by terminating him after he engaged in protected activity

58.   Defendant's actions were willful and done with malice.

59.   In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

60.   Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

d)   That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e)    Compensation for lost wages, benefits, and other remuneration;

f)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g)    Front pay;

h)    Any other compensatory damages, including emotional distress, allowable at law;

i)    Punitive damages;

j)    Prejudgment interest on all monetary recovery obtained.

k)    All costs and attorney's fees incurred in prosecuting these claims; and

l)    For such further relief as this Court deems just and equitable.

## COUNT V –FCRA VIOLATION
### (DISCRIMINATION)

61.    Plaintiff realleges and readopts the allegations of paragraphs 1-5 and 15-33 of this Complaint, as though fully set forth herein.

62.    Plaintiff is a member of a protected class under the FCRA.

63.    Plaintiff was subjected to disparate treatment on the basis of his race by Defendant. Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against him by terminating him after he engaged in protected activity.

11

64. Defendant's actions were willful and done with malice.

65. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

k) A jury trial on all issues so triable;

l) That process issue and that this Court take jurisdiction over the case;

m) An injunction restraining continued violation of the FCRA by Defendant;

n) Compensation for lost wages, benefits, and other remuneration;

o) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

p) Any other compensatory damages, including emotional distress, allowable at law;

q) Punitive damages;

r) Prejudgment interest on all monetary recovery obtained.

s) All costs and attorney's fees incurred in prosecuting these claims; and

t) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

66.     Plaintiff realleges and readopts the allegations of paragraphs 1-5 and 15-33 of this Complaint, as though fully set forth herein.

67.     Plaintiff is a member of a protected class under the FCRA.

68.     Plaintiff exercised or attempted to exercise his rights under the FCRA by reporting the racial harassment to his supervisor, thereby engaging in protected activity under the FCRA.

69.     Defendant retaliated against Plaintiff for engaging in protected activity under FRCA by terminating his employment.

70.     Defendant's actions were willful and done with malice.

71.     In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

72.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

m)     A jury trial on all issues so triable;

n)     That process issue and that this Court take jurisdiction over the case;

o)     That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under the FCRA;

p)   That this Court enter an injunction restraining continued violation of the FCRA Defendant;

q)   Compensation for lost wages, benefits, and other remuneration;

r)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

s)   Front pay;

t)   Any other compensatory damages, including emotional distress, allowable at law;

u)   Punitive damages;

v)   Prejudgment interest on all monetary recovery obtained.

w)   All costs and attorney's fees incurred in prosecuting these claims; and

x)   For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 23 day of August, 2022.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AFRICA F. ALTIDOR**

Florida Bar Number: 0124595
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aaltidor@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 23 day of August, 2022, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to:

*/s/ Brandon J. Hill*
**BRANDON J. HILL**

15